IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOSEPHINE WILSON, as Guardian and )
Conservator for GLORIA WILSON, )
)
         Plaintiff, )
)
v. )    1:13-CV-470
)
CITIZENS INSURANCE COMPANY )
OF AMERICA, et al., )
)
         Defendants. )

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, District Judge.

After Defendants Citizens Insurance and Auto-Owners Insurance filed dispositive motions, (Docs. 39, 41), the plaintiff filed response briefs directed to each defendant's summary judgment motion. (Docs. 49, 51.) In these response briefs, the plaintiff has repeatedly violated the Local Rules in significant and immoderate ways. These violations, taken together, make it impossible for the Court to use the briefs in any efficient or fair way and justify striking the briefs. In its discretion, the Court will allow the plaintiff to file substitute briefs that comply with the Local Rules.

The Local Rules for the Middle District have several requirements which focus the parties' attention and assist the Court in efficiently reaching decisions on pending motions. Some of these requirements concern the length and format of briefs. Rule 7.3(d) limits response briefs to twenty pages, which in most cases is sufficient for a party to address the relevant legal and factual issues, and which discourages parties from

including kitchen-sink arguments that distract the Court's time and attention from real matters in dispute. Local Rule 7.1(a) requires all pleadings and papers, including briefs, to be double-spaced and "in a fixed-pitch type size no smaller than ten characters per inch or in a proportional font size no smaller than 13 point" and include "no more than 27 lines of regularly spaced text on a page." The purposes of these requirements are obvious: to allow the Court to read the brief without undue eye strain or format distractions and to insure that litigants do not avoid page limits through creative but inappropriate font variation or spacing.

The plaintiff has violated all of these rules. The plaintiff's response briefs, (Docs. 49, 51), each contain more than sixty footnotes, single-spaced, in a font size significantly smaller than authorized. Many footnotes contain case and statute citations, argument, and detailed discussions of facts directed to significant aspects of the pending motions. (*See, e.g.*, Doc. 49 at 4-6, nn.10-16.) This kind of material is ordinarily not placed in footnotes. Had these materials appeared double-spaced in the text in an appropriate font, the plaintiff's brief would be at least ten pages over the limit. It is obvious that the plaintiff has placed significant argument in footnotes rather than in text solely to avoid the Court's page limits. *See, e.g.*, *Varda, Inc. v. Ins. Co. of N. Am.*, 45 F.3d 634, 640 (2d Cir. 1995) (disapproving of the "brazen[] use[]" of "textual footnotes to evade page limits" and imposing costs); *Prod. & Maint. Emps.' Local 504 v. Roadmaster Corp.*, 954 F.2d 1397, 1407 (7th Cir. 1992) (same); *Fleming v. Cnty. of Kane*, 855 F.2d 496, 498 (7th Cir. 1988) (instructing parties not to attempt to evade page limits); *see also United States v. Duke Energy Corp.*, 218 F.R.D. 468, 471 (M.D.N.C. 2003).

The Court's Local Rules also require that briefs filed in connection with summary judgment motions "point to specific, authenticated facts existing in the record." L.R. 56.1(d); *see also* L.R. 7.2(a)(2) ("Each statement of fact should be supported by reference to a part of the official record in the case."). These Rules place the burden on the litigants, who are intimately familiar with the record, to identify those matters that deserve the Court's attention and make clear that the Court is under no duty to scour the record to find support for a party's factual assertions. *See Stephenson v. Pfizer, Inc.*, No. 1:13cv147, 2014 WL 4410580, at *1 n.1 (M.D.N.C. Sept. 8, 2014) (noting that the court is not obliged to "investigat[e] the basis of claimed facts"); *Hughes v. B/E Aerospace, Inc.*, No. 1:12CV717, 2014 WL 906220, at *1 n.1 (M.D.N.C. Mar. 7, 2014) ("A party should not expect a court to do the work that it elected not to do."); *see also Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001) (explaining that a "court is not required to scour the record in search of evidence to defeat a motion for summary judgment" (quotation marks omitted)). Compliance with this Rule requires parties to direct the Court specifically to the relevant information; it is not sufficient, for example, to cite a fifty-page exhibit for a particular point, but fail to identify where within that fifty-page document the evidence for that point is located.

The plaintiff has violated this rule multiple times.[1] Throughout her briefing, she fails to provide a pinpoint citation to a particular page or paragraph after making factual

---

[1] By way of example, the citation on page three of plaintiff's brief at ECF Docket 49 directs the Court's attention to Exhibit J for the proposition that the defendants paid a certain amount per day for Ms. Wilson's care. (Doc. 49 at 3.) Exhibit J is forty-nine pages and contains multiple kinds of documents, including letters, computer notes, and emails. (*See* Doc 49-4 at 1-49.)

3

assertions, providing instead citations to whole documents generally or by reference to a dated document somewhere within a large exhibit. While the plaintiff does occasionally direct the Court's attention to particular pages and provides some highlighting within larger documents, which is apparently meant to help the Court, this is the exception, and there are scores of violations.

These violations, taken together, make it impossible for the Court to efficiently and fairly evaluate the plaintiff's arguments.[2] While striking the briefs is serious, it is necessary due to the scope and degree of the violations.

Moreover, it is obvious to the Court that the briefs contain extraneous matter. The most obvious example is that the plaintiff's briefs, (Docs. 49, 51), are either completely or almost completely identical, so that plaintiff's brief in response to Citizen Insurance's motion contains discussion of the facts and law relevant only or primarily to Auto-Owners Insurance's motion, (*see, e.g.*, Doc. 49 at 2-5), and vice versa. The Court is confident the plaintiff could have made more focused arguments with adequate support without violating the Court's page limits and font and spacing requirements.

---

[2] The plaintiff has also filed her exhibits in a way that makes them exceedingly difficult to access electronically. Her exhibits are labelled in a normal way: "Exhibit A," "Exhibit B," etc. However, on the electronic docket she has lumped all fifty-two exhibits ("A" to "ZZ") into nine "exhibit parts" without labels, so that the Court cannot tell where, for example, "Exhibit J" is located; it could be in Doc. 49-1 (labelled "Exhibit Part 1") or Doc. 49-2 (labelled "Exhibit Part 2"), or any one of the next seven "exhibit parts." (*See, e.g.*, Doc. 49-4 (containing Exhibits "J" through "N").) All but one of these "exhibit parts" are more than 30 pages and all but three are more than 50 pages. While this does not violate the Local Rules, it does make the Court's job more difficult. When the plaintiff refiles her briefs, the Court suggests she file the exhibits in a way that labels them more clearly, and that in her briefs she cite to the docket and page number appended by the ECF system. The Clerk's Office can provide assistance if needed.

4

Arguably, the Court could strike the plaintiff's briefs and decide the pending motions without the benefit of the plaintiff's assistance. The Court could also consider arguments made in a footnote to be waived. *See John Wyeth & Brother Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1076 n.6 (3d Cir. 1997) (noting that "arguments raised in passing (such as, in a footnote), but not squarely argued, are considered waived"); *W. Va. Mut. Ins. Co. v. Vargas*, 933 F. Supp. 2d 847, 852 n.4 (N.D. W. Va. 2013) (collecting cases). Upon consideration and in its discretion, the Court concludes that the better course is to allow the plaintiff to submit substitute briefs that comply with the Court's Local Rules. These substitute briefs may not raise additional or new arguments and shall contain only those arguments in the stricken briefs in more condensed form.

If after review of the substitute brief a defendant believes its arguments need to be restated to better address the form of the arguments made in the plaintiff's substitute brief, then that defendant may file a motion to strike its original reply brief and substitute a new reply brief. This is not required, and if it is done the substitute reply brief may not raise additional arguments.

The plaintiff and defendant Auto-Owners have filed other briefs which violate the Local Rules.[3] Because the violations are not as outrageous, at least by comparison, and

---

[3] The plaintiff's response briefs to the defendants' motions to dismiss, (Docs. 45, 47), contain some lengthy, single-spaced footnotes with content more appropriately placed in the text. Similarly, Auto-Owners' brief in support of its summary judgment motion, (Doc. 42), contains forty-one single-spaced footnotes in a font size smaller than authorized, some of which contain material that should be included in the text. (*See* Doc. 42 at 6-7, nn.12-22.)

5

do not completely prevent the Court from using the briefs,[4] the Court will overlook the violations in the exercise of its discretion. Nonetheless, all parties would be well-advised to follow the Local Rules to the letter going forward.

It is **ORDERED** that:

1. The briefs filed by the plaintiff on file at ECF Docket 49 and ECF Docket 51 are stricken.

2. The plaintiff may file substitute response briefs that comply with the Local Rules no later than October 24, 2014.

3. If such a brief is filed as to a defendant, that defendant may file a motion to strike and substitute, as set forth herein, within five business days of the filing of the plaintiff's substitute brief.

4. All parties are **WARNED** that further violations of the Local Rules may subject the litigant and counsel to appropriate sanctions.

This 17th day of October, 2014.

_____
UNITED STATES DISTRICT JUDGE

---

[4] In the plaintiff's briefs, (Docs. 45 and 47), the footnotes appeared to be the correct font size and there were far fewer of them, and, given the nature of a Rule 12(b)(6) motion to dismiss, they were not combined with a failure to cite to the record for factual assertions. In Auto-Owners' brief, most of the footnotes appear to be supplementary to the text, most cases and statutes are cited in the text rather than in footnotes alone, and pinpoint citations are usually provided when an exhibit has multiple pages. As Auto-Owners' brief barely exceeds 19 pages, its rule violations do not appear aimed at avoiding page limits. (*See* Doc. 42 at 19-20.)